UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTERMITE, INC., a California corporation; and XT 2000, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VINCENT EDWARD CHARGUALAF; et al.,<br><br>Defendants. | Case No.: 24cv2317-LL-DDL<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR PERMANENT INJUNCTION**<br><br>**[ECF Nos. 59, 60]** |

Presently before the Court are two motions, a "Notice of Settlement, Motion to Vacate All Deadlines and Joint Stipulation for Permanent Injunction" (ECF No. 59) and a "Joint Motion for Entry of Stipulated Order for Permanent Injunction" (ECF No. 60) between Plaintiffs, Xtermite, Inc. and XT 2000, Inc., and Defendants, Vincent Edward Chargualaf, Ermalene Denise Chargualaf, Jr., and Hafa Adai Termite and Pest Solutions, Inc. (herein, "the Parties"). ECF No. 60. Although the parties' second Motion for Joint Motion for Entry of Stipulated Order for Permanent Injunction was filed as a separate motion, it requests the same relief as the first motion for entry of the Stipulated Order for Permanent Injunction. *See* ECF Nos. 59, 60.

The parties state that they have "agreed to terms to settle claims herein and reached a confidential settlement agreement." ECF No. 59 at 1. The parties move for the entry of the Stipulated Order for Permanent Injunction attached as Exhibit A to the Notice of Settlement, Motion to Vacate All Deadlines and Joint Stipulation for Permanent Injunction.

1

ECF No. 59-1. The parties also state that they intend to file a request for dismissal with prejudice as to Defendants, Vincent Edward Chargualaf, Ermalene Denise Chargualaf, Jr., and Hafa Adai Termite and Pest Solutions, Inc. within thirty days of October 15, 2025. *Id.* at 2. The parties also request that the Court vacate all future hearings and deadlines in this case which Magistrate Judge Leshner has already granted. ECF No. 61.

In accordance with the parties' agreement, the Court hereby states and ORDERS:

Plaintiffs, XTERMITE, INC. and XT 2000, INC. ("Plaintiffs"), commenced this action against Defendants, VINCENT EDWARD CHARGUALAF, ERMALENE DENISE CHARGUALAF, JR., and HAFA ADAI TERMITE AND PEST SOLUTIONS INC., (collectively, "Defendants") alleging violations of Trademark Infringement under 15 U.S.C. §1114, Unfair Competition under 15 U.S.C. §1125, Cyberpiracy under 15 U.S.C. §1125, Unfair Competition under B&P §17200, False Advertising under B&P §17500, and Unjust Enrichment. The parties have been represented by the attorneys whose names appear hereafter. Plaintiffs and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants infringed the registered trademarks of Plaintiff under 15 U.S.C. §1114. The Complaint also charges that Defendants' infringement of Plaintiffs' trademarks to advertise Defendants' services constitute Unfair Competition, Cyberpiracy, and False Advertising.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Plaintiffs and Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "MAN AND ORANGE Mark" means Plaintiffs' registered trademark with the United States Patent and Trademark Office ("USPTO") with Registration No. 4694335:



B. "Plaintiffs' Marks" means Plaintiffs' registered trademarks with the USPTO Registration Nos. 4694335, 7302834, and 7015397.

C. "XTERMITE Mark" means Plaintiffs' registered trademark with the USPTO with Registration No. 7302834.

D. "XT-2000 Mark" means Plaintiffs' registered trademark with the USPTO with Registration No. 7015397.

**ORDER**

**I.     INJUNCTION PROHIBITING DEFENDANTS FROM USING THE MARK "XT TERMITE"**

IT IS ORDERED that Defendants and Defendants' respective officers, agents, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert or participation with them are hereby permanently enjoined as follows:

i. Defendants, and each of them, cease in any way using, displaying, advertising, copying, imitating, or infringing upon the XTERMITE Mark, the XT-2000 Mark, the MAN AND ORANGE Mark, or any similar or other trademarks or service marks owned by Plaintiffs or colorable imitations thereof;

ii. Defendants, and each of them, are enjoined from using the XTERMITE Mark to advertise, promote, offer for sale, and/or sell their pest control services;

iii. Defendants, and each of them, are enjoined from using the logo consisting of the words "XT TERMITE CONTROL" beneath an orange slice with two citrus leaves

emerging from the top, as shown below, as likely to cause confusion with Plaintiffs' XTERMITE Mark, XT-2000 Mark, and MAN AND ORANGE Mark:



iv. Defendants, and each of them, cease, desist, and refrain from registering, renewing, and/or using any domain names, including "xttermite.net", "xttermitecontrol.com", and "98termite2875", which contain and/or resemble the marks "xtermite," "xt-2000," or any variation thereof that in any way resembles a trademark or service mark owned by Plaintiffs;

v. Defendants, and each of them, cease, desist, and refrain from registering any additional domain names which contain and/or resemble the marks "xtermite," "xt-2000," or any variation thereof that in any way resembles a trademark owned by Plaintiffs;

vi. Defendants, and each of them, cease, desist, and refrain from accessing, retrieving, using, copying, deleting, destroying, altering, transmitting, or disseminating any of Plaintiffs' information or property;

vii. Defendants, and each of them, cease, desist, and refrain from using or displaying Plaintiff's Marks, or any other trademarks or service marks owned by Plaintiffs, or confusingly similar variations thereof, in any written or oral advertisements, displays, signs, sales promotions, reservations, the Internet, or in any other public communication in connection with the sale of said Defendants' products and/or services;

viii. Defendants, and each of them, cease, desist, and refrain from otherwise infringing upon Plaintiffs' Marks; and

ix. Defendants, and each of them, cease, desist, and refrain from unfairly competing with Plaintiffs.

|   |   |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that this Court will retain jurisdiction of the entry of |
| 2 | the permanent injunction until **March 30, 2026** for purposes of construction, modification, |
| 3 | and enforcement as set forth in this Order. However, the Court declines to retain |
| 4 | jurisdiction over the terms of any settlement agreement that are not related to the permanent |
| 5 | injunction. *See HM Elecs., Inc. v. R.F. Techs., Inc.*, Case No. 12cv2884-BAS(MDD), 2016 |
| 6 | WL 4063806 (S.D. Cal. Feb. 16, 2016). |
| 7 | **IT IS FURTHER ORDERED** that violations of this Injunction shall subject |
| 8 | Defendants and all other persons bound by this Injunction to all applicable penalties, |
| 9 | including contempt of Court. |
| 10 | Also, as previously ordered by the Magistrate Judge assigned to this case, the |
| 11 | deadline of **December 12, 2025** remains (ECF No. 57) to file the Joint Motion for |
| 12 | Dismissal as to Defendants, Vincent Edward Chargualaf, Ermalene Denise Chargualaf, Jr., |
| 13 | and Hafa Adai Termite and Pest Solutions, Inc. |
| 14 | **IT IS SO ORDERED.** |
| 15 | Dated: November 3, 2025 |

_____
Honorable Linda Lopez
United States District Judge